**MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, Massachusetts Laborers' Pension Fund, Massachusetts Laborers' Annuity Fund, Massachusetts Laborers' Legal Services Fund, New England Laborers' Training Trust Fund**

v.

**EXPLOSIVES ENGINEERING, INC.**

**Civ. A. No. 89–2488–WD.**

United States District Court,
D. Massachusetts.

Dec. 20, 1991.

Mary T. Sullivan, Segal, Roitman & Coleman, Boston, Mass., for plaintiffs.

Mitchell J. Notis, Barron & Stadfeld, Boston, Mass., for defendant.

## ORDER

WOODLOCK, District Judge.

This Memorandum and Order is hereby ADOPTED as an ORDER of this Court after consideration of Defendant; Motion for Reconsideration.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO RECONSIDER AND REVERSE RULINGS ON VARIOUS DISCOVERY MOTIONS, AND TO REOPEN DISCOVERY (# 53)

COLLINGS, United States Magistrate Judge.

At defendant's request, the Court revisits the question of whether certain contractual affirmative defenses raised by Explosives Engineering, Inc. ("Explosives Engineering") in this collection action brought by five employee benefit plans ("the Funds") pursuant to section 515 of ERISA, 29 U.S.C. § 1145, should be determined to be viable. The Court has reviewed the law in this area in two prior memoranda (## 36, 49), both of which are incorporated herein by reference. *See Massachusetts Laborers' Health And Welfare Fund v. Explosives Engineering, Inc.*, 136 F.R.D. 24 (D.Mass., 1991). The issue raised by Explosives Engineering's Motion To Reconsider, Etc. (# 53) is what effect, if any, the recent First Circuit decision in *Nash v. Trustees of Boston University*, 946 F.2d 960 (1 Cir., 1991), should have on the Court's previous rulings.

The *Nash* case involved an individual employee who had sued his employer asserting a claim of entitlement to retirement benefits under an alleged ERISA benefit plan. The employer interposed the affirmative defense of fraud in the inducement to the ERISA claim, i.e., that Boston University had proffered Mr. Nash early retirement benefits in reliance upon Nash's misrepresentations with respect to his future employment prospects. Assuming without deciding that the provisions of ERISA were applicable, the First Circuit concluded:

> The legislative purpose and public policy activating ERISA would be advanced by accommodating the affirmative defense of fraud in the inducement within the developing reserve of federal common law....
>
> A contrary approach would bind a defrauded employer to the benefit bargain arrived at through the employee-beneficiary's fraud.

*Nash v. Trustees of Boston University, supra* at 965–66.

Explosives Engineering contends that this holding compels the conclusion that the Court's earlier rulings were in error and that it should be allowed to raise comparable contractual defenses in the instant case.

Explosives Engineering's reliance on the *Nash* decision is misplaced. First, it is noted in passing and, indeed, the defendant readily admits, that fraudulent inducement has not been pleaded as an affirmative defense in this action. That point aside, more fundamentally, *Nash* quite simply did not deal with Section 515 of ERISA. The legislative intent and policy behind the enactment of this particular provision is quite clear: To streamline and simplify the process of delinquent contribution collection. To permit the defendant to advance the contractual defenses at issue would constitute a marked departure from the longstanding, uniform construction courts have given section 515. *See Massachusetts Laborers' Health And Welfare Fund v. Explosives Engineering, Inc., supra,* 136 F.R.D. at 25–27. Absent any reference whatsoever to this extensive line of established precedent, it cannot be concluded that the First Circuit intended by means of its general pronouncement in the context of an entirely different factual scenario to

deviate from the universally accepted interpretation of 29 U.S.C. § 1145.

Whatever rights *Nash* may potentially give Explosives Engineering vis-a-vis the union, as has previously been written, in a section 515 action "[e]mployee benefit plans are insulated from certain defenses because they are not parties to the agreement between the union and the employer but rather are in the position of third-party beneficiaries or holders in due course of such an agreement." *Id.* at 27. The Court reads nothing in *Nash* that impugns the validity of this conclusion.

In short, the *Nash* decision is neither applicable nor controlling in the instant litigation. It is ORDERED that Defendant's Motion To Reconsider And Reverse Rulings On Various Discovery Motions, And To Re-Open Discovery (# 53) be, and the same hereby is, DENIED.

The file is RETURNED to the Clerk's Office.